HANSARD v. FERGUSON.—132 S. W. (2d), 221.

Eastern Section.   July 15, 1939.

Petition for Certiorari denied by Supreme Court, October 7, 1939.

Grimm & Tapp, of Knoxville, for plaintiff in error.

Ray H. Jenkins and E. L. Jenkins, both of Knoxville, for defendant in error.

AILOR, J.   This is a suit by Myrtle Hansard, Administratrix of the estate of Eugene M. Hansard, to recover damages for the alleged wrongful death of the said Eugene M. Hansard in a collision between

a motorcycle ridden by deceased and an automobile driven by the defendant in this suit. A trial of the action in the Circuit Court resulted in a verdict in favor of defendant and the dismissal of the suit. Motion for new trial was denied, and an appeal in the nature of a writ of error has been prosecuted to this court.

It will not be necessary to review the facts of the case in detail, as no errors have been assigned calling for a review of the facts. Only two errors have been assigned in this court. These raise only legal questions, and we consider only such of the record as is material to a determination of the issues raised by the assignments. However, before considering questions raised by errors assigned we give a brief statement of facts.

On the morning of the fatal collision the deceased was riding his motorcycle along Broadway in the City of Knoxville traveling in a southerly direction. There is considerable controversy as to the rate of speed at which he was traveling, but there is abundant proof to the effect that he was traveling as fast as sixty miles per hour. Defendant was driving his automobile in a northerly direction on Broadway. When he reached the point of intersection between Broadway and Atlantic Avenue, where he planned to turn to his left into said Atlantic Avenue, defendant brought his automobile to a full stop to await the passing of vehicles on Broadway. When the traffic had cleared defendant gave the prescribed hand signal of his intention to turn to the left and then proceeded to make a left turn into Atlantic Avenue. After he had completed the turn and after the front of his automobile had reached the western boundary of Broadway and had entered into Atlantic Avenue, the motorcycle upon which deceased was riding collided with the right hand side of the automobile at about the position of the right front door of the automobile. The collision was fatal to Eugene M. Hansard.

The first error assigned complains about the action of the Circuit Judge in excluding certain testimony. Plaintiff offered only one eyewitness to the collision in an effort to make out her case in chief. Walter L. Wright, Jr., says that he was walking along Atlantic Avenue some three or four houses away from the place of the collision; that he saw the defendant's car turn into Atlantic Avenue, and that he saw the motorcycle for an instant before the impact. Other witnesses for plaintiff were in the near vicinity of the collision, and some arrived later. After defendant had closed his proof plaintiff called Mrs. T. O. Gilliland in rebuttal. Plaintiff sought to prove by this witness that she was an eye-witness to the collision, that she was standing at a window in her home near the place of the collision, and that she was in a position to see the entire surroundings at the time. She says that she saw the automobile standing waiting to turn into Atlantic Avenue; said it was standing there anxiously waiting to cut in. That the motorcycle was some distance away at the time,

the distance not definitely appearing from her testimony, and that the collision followed almost immediately after the car started to turn in.

■ ■ The introduction of this testimony was objected to for the reason that it was proof in chief and should have been introduced before defendant was called upon to introduce his proof. The objection was sustained and the evidence was excluded. We are of opinion that the action of the Circuit Judge in sustaining the objection did not constitute reversible error. It appears that the witness, Mrs. Gilliland, was in court and sworn as a witness along with other witnesses offered in chief, but that she was not offered as a witness in chief. Walter L. Wright, Jr., testified to facts similar in many respects to that of Mrs. Gilliland. In fact his testimony is much more favorable to plaintiff than the excluded testimony, so that the excluded testimony was cumulative to the extent that it had any probative value, and it is difficult to see how its exclusion could have injuriously affected plaintiff's rights. But aside from this we are of opinion that it was properly proof in chief.

■ Plaintiff was onerated with the burden of establishing the averments of her declaration by a preponderance of the evidence. This was a continuous burden and did not shift to defendant. Some confusion has developed in connection with the burden of proof and what is sometimes denominated as ''Burden of Evidence.'' And while it is true that a party who has the affirmative of any issue in a suit has the burden of establishing that issue, still that does not mean that a defendant who pleads specially in a damage suit assumes thereby the burden of proof in connection with the suit. The burden of proof rests with the plaintiff to make out his case by a preponderance of the evidence, and testimony tending to discharge this obligation is properly proof in chief, and should be introduced in that order. Any variation from this rule would rest within the sound discretion of the trial judge, and unless such discretion be abused this court will not interfere. Chattanooga-Dayton Bus Line v. Lynch, 6 Tenn. App., 470.

■ The fact that a defendant might assume the burden of establishing a particular defense does not alter the burden of proof generally prevailing in an action for damages. The burden of proving his case still rests with the plaintiff, regardless of the fact that defendant may have the affirmative of any particular defense. There was nothing in this case to take it out of the operation of the general rule as to the burden of proof or the necessity for the plaintiff to introduce his proof in chief in the regular order. The statute, section 8767 of the official Code of 1932, providing for a rule upon defendant to plead specially does not cast the burden of proof generally upon him. In other words the filing of a special plea does not have the effect of changing the burden of proof generally, and does not justify plaintiff in holding back his proof in chief generally until

after defendant has offered proof on his special pleas. We think such a radical change in procedure was not contemplated by the General Assembly in the passage of the act in question. In offering the testimony excluded the plaintiff did not limit it to a refutation of any specific evidence theretofore offered by defendant, but sought to establish by the witness her theory of the case generally. It presented a question within the sound discretion of the trial judge, and since we have concluded that this discretion was not abused, this assignment of error will be overruled. Moore v. State, 96 Tenn., 209, 33 S. W., 1046.

It is next insisted that the trial judge committed reversible error in refusing plaintiff's special request as follows:

"If the negligence, if any, of the operator of defendant's automobile was the proximate cause of plaintiff's intestate's injuries and death, then it is immaterial whether defendant's automobile struck plaintiff's intestate, or whether plaintiff's intestate ran into the side of defendant's automobile."

We think this special request was properly refused. In his special plea defendant had relied upon certain acts of plaintiff's intestate as constituting a violation of an ordinance of the City of Knoxville, namely, that he was not driving with due care and caution, having due regard to the traffic, surface and width of the highway and of other existing conditions, and at such speed as not to endanger the life, limb or property of other persons. In his charge to the jury the trial judge dealt particularly with the duty of each of the parties involved in the collision. His charge was full and complete in this connection, and there is no complaint of the charge as given. The special request which was refused by the trial judge omitted any reference to the correlative duty of plaintiff's intestate in the operation of his motorcycle, but would have tended to unduly emphasize any negligence of defendant, if any, and to minimize the effect of the negligence of the deceased, if any. The rule is that where plaintiff and defendant are each guilty of acts of negligence which together constitute the proximate cause of an accident and injury, then the negligence of plaintiff, however slight, bars a recovery. Memphis St. Railway v. Haynes, 112 Tenn., 712, 715, 81 S. W., 374; Grigsby & Co. v. Bratton, 128 Tenn., 597, 604, 163 S. W., 804.

The substance of the special request was fully covered in the regular charge of the trial judge in its proper order, and the giving of this charge again could have had but one possible effect, namely, to unduly emphasize the negligence, if any, of the operator of defendant's automobile. The regular charge in this connection was full and completely covered the question, and it was not necessary to repeat. So that no error was committed in refusing to give in charge to the jury the special request. We, therefore, find no error in the trial of the cause. And the judgment of the Circuit Court will be affirmed.

Portrum and McAmis, JJ., concur.