BUFORD NOLAND, Admr., Plaintiff in Error, v. WILLIS FREEMAN and EVERETTE WATSON, Defendants in Error. —385 S.W.(2d) 310.

Eastern Section. Decided August 5, 1964.

Certiorari Denied December 11, 1964.

Ogle & Ogle, Sevierville, and Roland Prince, Oak Ridge, for plaintiff in error.

Poore, Cox, Baker & McAuley and James E. Foglesong, Knoxville, for defendant in error, Willie Freeman.

Floyd H. Bowers, Clinton, for defendant in error, Everette Watson.

McAMIS, P. J.  In this case Buford Noland, Administrator of the  estate of Mrs. Noda H. Noland, appeals from a verdict and judgment dismissing his suit under the Wrongful Death Statute.

Mrs. Noland was killed when the Chevrolet pick-up truck in which she was riding as the guest of the defendant, Everette Watson, ran off Henderson Hollow Road in Anderson County and overturned. Willis Freeman who was driving a pick-up truck in the opposite direction was also sued. There was no contact between the two trucks.

The declaration charges both common law and statutory negligence.  As to the defendant Freeman, the specific charges are excessive speed, failure to yield one-half the road when the two trucks met and failure to be properly observant of other vehicles and particularly that of defendant Watson. The declaration charges the defendant Watson with failure to be observant of other traffic, failure to use reasonable care to avoid the truck driven by Freeman and driving too close to the shoulder of the road.

Both defendants filed pleas of not guilty and also upon plaintiff's motion special pleas under order of the Court.

The special plea of the defendant Freeman states that he was traveling south and upgrade at a speed of 15 or 20 m.p.h., on a gravelled country road, approaching a curve to his right when he saw the Watson truck about

150 feet away coming from the opposite direction; that there were three ruts in the loose gravel and he was driving with the left wheels in the middle rut; that immediately upon seeing the Watson truck, he turned his truck to the right in order to avoid a collision; that just before he met and passed the Watson truck "he noticed that the right front wheel of the Watson truck had locked and was sliding in the gravel in a straight line"; that he looked in his rearview mirror and saw the Watson truck continue in a straight line and go over the bank on the outside of the curve.

By his special plea, the defendant Watson denied that he drove too close to the shoulder and denied generally all of the acts of negligence charged against him.

The proof shows that Henderson Hollow Road is approximately 16 feet wide and covered with loose gravel. At the point of the accident it is downgrade going north, the direction in which the Watson truck was going. The Watson truck went over an embankment at or near the outside point of a sharp curve to its left. There is a dispute as to whether there were two or three ruts where the loose gravel had been pushed aside. The right front wheel of the Watson truck slid 40 or 50 feet in the loose gravel and along the right shoulder of the road before it went over the embankment.

Defendant Freeman's testimony conforms to the averments of his special plea above outlined. Defendant Watson testified that there were only two ruts in the loose gravel and that as he approached the curve the wheels of his truck were in these ruts; that he saw the Freeman truck when it came around the curve; that it "was right on us"; that he immediately applied the brakes and cut to his right but did not have time to get "straightened

up'' and continued in a straight line and went over the embankment at or near the point of the curve. His speed was about 20 miles per hour. He testified defendant Freeman was driving fast but he could not say how fast. He had never had any difficulty prior to the accident with his right front wheel locking.

■ The first insistence made by plaintiff's assignment of errors and brief is that there is no material evidence to support a verdict in favor of either defendant. Coupled with this insistence is the argument that, since defendants do not charge contributory negligence on the part of the deceased, her death must necessarily have resulted from the negligence of one or both defendants. We cannot agree.

If the jury believed the testimony of defendant Watson he was driving at a speed of only 20 miles per hour and turned to his right and applied his brakes as soon as the Freeman truck appeared around the curve. He had never had any difficulty with his right front wheel locking as the defendant Freeman testified. There is no proof that his truck was not roadworthy prior to the accident or that he had any reason to believe it was in any way defective.

It is true, of course, that both defendants were under the duty of taking into account the condition of the road surface, the loose gravel, the fact that they were traveling on a grade and that they were approaching a curve. But it was for the jury to say whether driving under these conditions at a speed of 15 or 20 miles per hour constituted a violation of this duty. The jury could find from the proof that both defendants were upon the lookout and saw the approaching vehicles as soon as they

appeared around the curve and that both defendants immediately applied brakes and turned right to avoid a collision which they were successful in doing.

■■ Whether conduct or behavior conforms to the legal standard of reasonable care and whether the behavior of the parties in a given case, under all the surrounding circumstances, was such as would be expected of reasonable men under a similar state of facts are questions for the jury under a proper charge by the court as to the law to be applied. It is only where the facts are such that all reasonable men must draw the same conclusion that the question of negligence or no negligence can be considered settled as a matter of law. Knoxville Tractor Co. v. Brown, 115 Tenn. 323; Jackson v. B. Lowenstein, etc., 175 Tenn. 535, 136 S.W.(2d) 495, 496; Osborn v. City of Nashville, 182 Tenn. 197, 185 S.W.(2d) 510; Smith v. Sloan, 189 Tenn. 368, 225 S.W.(2d) 539, 227 S.W.(2d) 2; Shortway Lines v. Thomas, 34 Tenn.App. 641, 241 S.W.(2d) 875; Ford v. Vanderbilt University, 40 Tenn.App. 87, 289 S.W.(2d) 210.

■ The mere fact that an injury has been sustained never raises a presumption of negligence. Vinson v. Fentress, 33 Tenn.App. 359, 232 S.W.(2d) 272, and cases cited.

■ The plaintiff must go further and show (1) a duty owing by the defendant, (2) a negligent breach of that duty and (3) that the injuries proximately resulted from such breach of duty. De-Gloffer v. Nashville Railway & Light Co., 123 Tenn. 633, 134 S.W. 609.

■ In this case we think the jury could have concluded either that neither of the defendants was guilty of any negligence or that the proximate cause of the accident

was the locking of the right wheel on the Watson truck causing it to continue in a straight line and upon the shoulder of the road rather than around the curve of the road. No doubt the jury knew also from common experience that loose gravel on a road interferes with the operation and control of a vehicle and causes it to skid more readily.

■■ We find no merit in plaintiff's insistence that under T.C.A. sec. 20-921 defendants are precluded from relying upon the defense of unavoidable accident on the ground they had to make this defense by special plea. The question is simply whether plaintiff carried the burden of showing a breach of duty on the part of defendants or one of them and injuries resulting from such breach of duty. The statute does not alter the burden of proof. Hansard v. Ferguson, 23 Tenn.App. 306, 132 S.W.(2d) 221.

Certain assignments of error complain of portions of the charge to the jury, all of which have been carefully considered. Only the assignment directed to that portion of the charge defining the duty of care owing by a guest passenger seems to us deserving of comment.

■ We think counsel are correct in their insistence that there was no occasion to include this subject in the charge. Defendants made no claim by special plea or otherwise that the intestate was guilty of any negligence and there was no proof on that subject. But, we can not see how any prejudice resulted to plaintiff from this abstraction. Certainly, that is no affirmative showing of prejudice as required by T.C.A. sec. 27-117.

■ Where an instruction to the jury correctly stated the law but had no basis in the facts of the case, the

error is generally considered harmless and not ground for reversal. National Life & Acc. Ins. Co. v. American Trust Co., 17 Tenn.App. 516, 68 S.W.(2d) 971.

We find no reversible error in the charge and it results that all assignments are overruled and the judgment affirmed.

Cooper and Parrott, JJ., concur.

On Petition to Rehear

McAMIS, P. J. The Administrator of Mrs. Noland has filed an earnest petition to rehear.

Our previous holding rests primarily upon a finding that the jury could have found that the cause of the accident was the locking of the right front wheel of the Watson truck as observed by the defendant Freeman; that this eventuality was not reasonably foreseeable and that neither defendant was guilty of proximate negligence. We applied the material evidence rule applicable to all jury cases.

The only new matter urged in the petition to rehear is that our former opinion failed to enumerate all of the charges of negligence. Assuming the correctness of this assertion, we are unable to see how the result could have been different. The fact remains that the question of proximate cause was for the jury under the testimony of defendant Freeman to which we have referred.

Accordingly, the petition to rehear must be overruled.