William Lee KETRON and Mary Pauline Ketron

v.

Charles D. GRAY.

Court of Appeals of Tennessee, Eastern Section.

Aug. 14, 1973.

Certiorari Denied by Supreme Court Dec. 17, 1973.

William T. Gamble with Wilson, Worley, Gamble, Dodson & Ward, Kingsport, for appellants.

Thomas E. Mitchell, Johnson City, for appellee.

## OPINION

SANDERS, Judge.

Plaintiffs have appealed from a jury verdict in favor of the Defendant in a wrongful death case.

The Plaintiffs, William Lee Ketron and Mary Pauline Ketron, filed suit in the Law Court at Johnson City, Tennessee, against the Defendant, Charles D. Gray, for the wrongful death of their daughter, Janice Faye Ketron, who was killed while riding as a guest passenger in a motor boat being operated by the Defendant.

The case was tried before a jury with The Honorable Walter B. Garland, Circuit Judge, presiding.

The jury found the issues in favor of the Defendant; Plaintiffs' motion for a new trial was overruled; and they have appealed to this court and assigned error.

The main thrust of the Plaintiffs' assignments of error is directed to the Court's charge of contributory negligence as a bar to recovery.

There is virtually no dispute or discrepancy in the testimony of the witnesses concerning the accident. The proof shows that at about 4:30 in the afternoon of April 21, 1969, the deceased and the Defendant, who were students at East Tennessee State University, along with two other students, Beverly Norris and Danny Currier, went for a boat ride on Boone Lake. The boat in which they were riding was a 16-foot, inboard-outboard, fiberglass craft. It had a 140 or 150 horsepower inboard motor with an outboard shaft and was capable of a speed up to 35 or 40 miles per hour.

At the time of the accident, the boat was being operated by the Defendant at a speed of approximately 30 miles per hour. The Defendant was riding in the right, front seat and the deceased was in the left, front seat. Miss Norris and Danny Currier were in the back seat. The Defendant was in the process of making a left-hand turn near the shore when the boat suddenly left the water, flipped over, and landed on the shore upside down with the bow of the boat turned back in the direction from which it had been traveling.

Danny Currier was killed almost instantly and the Plaintiffs' daughter died as the result of her injuries a few days later without regaining consciousness.

Miss Norris testified that immediately before the accident she had been looking in an opposite direction and when she turned around the boat was heading toward the bank; that she screamed and the Defendant cut the boat sharply to the left and it hit what she believed to be a rock in the water and flipped over. She further testified that immediately before the accident both of the deceased were looking in the direction of the bank on the opposite side of the lake from the one they struck.

The Defendant testified that no one interferred with his operation of the boat; that he saw no obstruction in the water before the accident and was not aware of any danger until the boat flipped; and that he had no idea of what caused the boat to flip over.

The Plaintiffs' assignments of error relating to the Court's charge on contributory negligence, as pertinent here, are as follows:

*"It was error for the Trial Court to instruct the jury with reference to contributory negligence on the part of decedent as barring recovery.*

\* \* \* \* \* \*

*"It was error for the Trial Court to charge the jury in effect that any contributory negligence on the part of decedent would bar recovery, without charging that only proximate contributory negligence would bar recovery,* the pertinent portions of the Trial Court's instructions being as follows (with the questioned language underscored) :

"a. 'On the other hand, Members of the Jury, if you find that he violated this duty which he owed to her, that is if you find that he did not exercise ordinary care and caution for her safety and as a result of his failure to exercise ordinary care and caution for her ·safety, this accident occurred and she received injuries from which she died then and in that event I instruct you that you would find in favor of the plaintiffs and against the defendant *unless, as pointed out in a later portion of my charge, you should find that the decedent was, herself, guilty of contributory negligence which contributed to this accident* and to the injuries which she received.'

"b. 'In other words, he must keep that outlook ahead as the operator of a boat, which an ordinary, prudent, boat operator would keep under the same or similar circumstances and if he failed to keep such lookout ahead and such failure was the proximate cause of this accident, then of course liability would follow *unless subject to the further instructions of this court you should find the decedent guilty of contributory negligence.'*

"c. 'The defendant takes the further position that even if he was guilty of some negligence, which he denies, still it is his contention that the plaintiffs cannot recover for the alleged wrongful death of their daughter because it is the contention of the defendant that their daughter was not exercising ordinary care and caution for her own safety and that she was, therefore, guilty of contributory negligence and could not, therefore, recover in this case. In this connection I charge you that *a plaintiff who is guilty of contributory negligence may not recover from a defendant who is guilty of ordinary negligence.* Now, what is contributory negligence? Contributory negligence is a want of ordinary care and caution on the part of the person injured by the actionable negligence of another combining and concurring with that negligence and contributing to the injury as the proximate cause thereof without which the injury would not have occurred?'

"d. 'Therefore, members of the Jury, I charge you that if you should find that the defendant in this case was guilty of one or more acts of negligence and if you should further find that the decedent was likewise guilty of negligence in failing to exercise ordinary care for her own safety and if you find that their acts of negligence combined and concurred to constitute the proximate cause of this accident, then and in that event I charge you that the plaintiffs could not recover in this case, the rule of law in this State being that *a plaintiff may not recover from a defendant if the plaintiff is guilty of contributory negligence.'*

"e. 'Now you will take those rules which the court has just announced, and from that if you find that the *defendant was guilty of negligence, whether or not the decedent was guilty of contributory negligence likewise.* Members of the jury, if you find in favor of the defendant, your verdict will simply be, "We find in favor of the defendant." ' "

The Plaintiffs insist there is no evidence in the record upon which a charge

of contributory negligence could be predicated, and we agree.

Not only is there no evidence of contributory negligence, but there is nothing in the record to suggest that the Defendant relied on contributory negligence as a defense. As a matter of fact, the Defendant was asked, "Do you feel that anyone other than yourself is responsible for the wreck?" His answer was, "No, sir."

In the case of Duncan v. Ferrell, 58 Tenn.App. 133, 427 S.W.2d 36, which was a case involving a collision between a motorcycle and an automobile, it was held that it was error for the court to charge the jury on contributory negligence and assumption of the risk where there was no evidence to support it. In speaking of the facts in that case, the court said:

"So we ask ourselves the question, what had the plaintiff done outside of taking his seat on a motorcycle designed to carry two people, as provided by T.C.A. Section 59–865 and Municipal Ordinance Section 1708, or what had he failed to do which would justify the defense of remote contributory negligence, contributory negligence or assumption of risk?"

In the case at bar we find ourselves asking the question, what did the deceased do besides take her seat in the boat?

In the case of Wilson v. Tranbarger, 218 Tenn. 208, 402 S.W.2d 449, 461, the court said:

"It has been held time and again that:

" 'The instructions given by the judge to the jury should be directly applicable to the facts in evidence. There must be testimony tending to raise the question in order for an issue to be submitted to the jury. An instruction which assumes that there is evidence tending to prove certain facts, when there is no such evidence, is erroneous. Goodall v. Thurman, 38 Tenn. 209; East Tenn. V. & G. R. Co. v. Toppins, 78 Tenn. 58; Three States Lumber Co. v. Blanks, 118 Tenn. 627, 102 S.W. 79; Allen v. Melton, 20 Tenn.App. 387, 99 S.W.2d 219.' Mayor and Aldermen of Town of Morristown v. Inman, 47 Tenn.App. 685, 342 S.W.2d 71."

Also, we think the charge of the Court is couched in such language that, since there are no specific acts of contributory negligence shown, the jury could have concluded that any act or inattentiveness on the part of the deceased, such as looking in a direction other than the direction in which the boat was traveling immediately before the accident, would bar a recovery.

The assignments of error are sustained.

The judgment of the Trial Court is reversed and the case is remanded for a new trial.

The Plaintiffs have assigned other error but, in view of our holding on this assignment, they are pretermitted.

The cost of this appeal is taxed to the Appellee.

COOPER, P. J., (E. S.) and PARROTT, J., concur.