Eva LANGFORD and Ben Langford,
Plaintiffs-Appellants,

v.

Wilma Nell ARNOLD,
Defendant-Appellee.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Dec. 5, 1985.

Application for Permission to Appeal
Denied by Supreme Court
March 3, 1986.

Russell Rice, Jackson, for plaintiffs-appellants.

Russell E. Reviere, Jackson, for defendant-appellee.

NEARN, Presiding Judge.

Plaintiffs, Eva Langford and husband, Ben Langford, appeal from a jury verdict in favor of defendant, Wilma Nell Arnold.

The plaintiffs sued defendant for personal injuries arising out of an automobile collision involving an automobile driven by plaintiff Eva Langford and an automobile driven by defendant. Plaintiffs' complaint alleged that the accident and resulting injuries were caused by the negligence of defendant. Defendant filed an answer denying any negligence and asserting that the accident was caused by a third vehicle.

The proof indicates that Eva Langford was driving north on Highland Avenue, a four lane highway in Jackson, Tennessee. Ms. Langford was traveling in the left hand lane next to the median as she approached the cloverleaf intersection with Interstate 40. Defendant's automobile ex-

ited I–40 and entered the outside or right-hand lane of Highland Avenue, coming to a position approximately parallel with Ms. Langford's automobile. Ms. Langford testified that she saw an ambulance follow defendant off of I–40 and that she thought the ambulance was going to merge onto Highland behind defendant's automobile. Defendant testified that this ambulance passed her on the right in what remained of the merger lane off of I–40 onto Highland and that this maneuver by the ambulance forced her to veer into Ms. Langford's lane and to strike Ms. Langford's automobile. Defendant further testified that she was unaware of the presence of Ms. Langford's automobile until the collision occurred.

■ Plaintiffs have presented eleven issues for review by this Court and we will first consider the "ninth" issue which is framed by plaintiffs as:

Was it error for the Court in its charge to the jury to make reference to "contributory negligence" of plaintiffs after the Court had ruled that "there is not proof about that" and that the Court would not charge the jury on contributory negligence?

We think the issue is better stated as whether the Trial Court committed reversible error in instructing the jury on the issue of contributory negligence when there was insufficient evidence to justify submission of this issue to the jury.

The complained of instruction and references to contributory negligence are as follows:

The law, ladies and gentlemen of the jury, of proximate contributory negligence on the part of the plaintiff, and I believe that is not necessary because that is out, all right.

. . . . .

If, ladies and gentlemen of the jury, you find from the evidence that the plaintiff was injured, and that the injury was a direct and proximate result of one or more of the acts of negligence alleged against the defendant, and that the plain-

tiffs themselves were guilty of no negligence, then you would find for the plaintiffs.

If on such other hand you find that the plaintiffs suffered no injury, or that— and that the injury that plaintiff suffered was not proximately due to one or more acts of negligence alleged against the defendant, or that the plaintiffs themselves were guilty of negligence that directly and proximately contributed to the injuries, then in either of those events you would find for the defendant.

While defendant did plead the defense of contributory negligence in her answer, defendant's counsel made no effort to introduce proof concerning contributory negligence at trial, did not argue contributory negligence to the jury in closing argument, and in fact conceded in his brief on appeal that contributory negligence was not an issue in the case. Further, our own review of the record reveals no evidence that could possibly be considered contributory negligence on the part of plaintiff, Eva Langford. The proof is uncontroverted that Ms. Langford was at all times in question in her proper lane, with her automobile under control, and maintaining a proper look-out.

It is unquestionably error for a Trial Court to instruct a jury on an issue when there is no evidence in the record raising that issue. See, e.g. *Wilson v. Tranbarger,* (1965) 218 Tenn. 208, 402 S.W.2d 449; *O'Rourke v. Street Railway Co.,* (1899) 103 Tenn. 124, 52 S.W. 872. Since we have concluded there was no proof in the record of the case *sub judice* of contributory negligence, we hold that the instruction to the jury in that regard was erroneous.

The real question with which we are faced is whether such error was harmless. Rule 36(b), T.R.A.P., provides:

(b) Effect of Error.—A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process.

We therefore must determine whether the erroneous contributory negligence instruction more probably than not resulted in prejudice to the plaintiffs.

■ Defendant cites us to *Noland v. Freeman*, (1964) 53 Tenn.App. 644, 385 S.W.2d 310, for the proposition that "Where an instruction to the jury correctly stated the law but had no basis in the facts of the case, the error is generally considered harmless and not ground for reversal." 53 Tenn.App. at 650, 385 S.W.2d at 313. As a general matter, we agree with this proposition of law. However, the complained of instruction in *Noland* is not set out in that opinion and thus the specific nature of the instruction cannot be determined. We therefore do not consider *Noland* to be controlling in this case which concerns a specific erroneous instruction on contributory negligence.

■ We do, however, consider the cases of *Langford v. Mingle & Elrod, Inc.*, (1984 Tenn.App.W.S.) 684 S.W.2d 99, and *Ketron v. Gray*, (1973 Tenn.App.E.S.) 503 S.W.2d 194, to be controlling. Both of these cases involved an erroneous charge of contributory negligence. The Court in both cases held that a contributory negligence instruction, in the absence of such evidence, will likely result in prejudice to the plaintiff. We think that this rule and reasoning is equally applicable in the case *sub judice*. As Judge Crawford stated in *Langford, supra*, "[in] the case before us, we cannot escape the conclusion that in the absence of specific acts of contributory negligence on the part of plaintiff, the jury could have concluded that any act or inattentiveness on the part of the plaintiff ... would bar recovery." 684 S.W.2d at 103. Although the jury in this case might well have concluded that this accident was caused by the third vehicle involved—the ambulance—and not by any negligence on the part of the defendant, we cannot foreclose the likelihood that the jury acted on the Trial Court's instructions. After all, the effect of the instruction as given is to inform the jury that facts were presented from which they could conclude that the plaintiff was contributorily negligent. Therefore, the jury might just as well have concluded that some innocuous act or omission on part of plaintiff Eva Langford was a legal bar to plaintiff's recovery. We cannot say that the error more probably did *not* affect the verdict of the jury without engaging in gross speculation and accordingly we must hold that the error was reversible error.

We reject defendant's contention that the Trial Court's statement to the effect that contributory negligence was "out" rendered the erroneous instruction harmless. Subsequent to this statement, the Court proceeded to charge contributory negligence to the jury. Had the Trial Judge told the jury to disregard such instruction *after* having given it, the result might be different.

■ Plaintiffs' "tenth" issue also concerns a jury instruction. Presumably in reference to the ambulance, the Trial Judge charged the jury that:

It is unlawful for a driver to leave the pavement or main-traveled portion of the roadway to pass another driver on the right. When a driver passes another driver on the right, as such, it is negligence per se.

This instruction was apparently based on the last sentence of T.C.A. § 55–8–118(b) which provides that: "In no event shall such movement [passing on the right] be made by driving off the pavement or main-traveled portion of the roadway." However, there is no proof in this record that the ambulance left the pavement or "main-traveled" portion of the roadway approaching Highland from I–40. As far as this Court is concerned, unless there are extenuating circumstances of which none appear to be present here, a vehicle may lawfully use all portions of an approach roadway and one portion of such a roadway is not any "less" traveled than any other portion. T.C.A. § 55–8–118 provides for lawful passing on the right under certain circumstances. Therefore, it was also error to charge that "When a driver passes another driver on the right, as such, it is negligence per se." We are not certain as to the meaning

or reference of the words "as such" as there used, but we are certain that the sentence could be fairly construed to mean that passing on the right is negligence per se. Such is not the law and therefore was error to charge to the jury. When this error is coupled with the previously mentioned error and considered with the fact that the verdict was for the defendant we cannot say that the latter error was harmless error.

We have considered the other nine issues presented by plaintiffs and find them both repetitious and without merit.

Accordingly, the judgment of the Trial Court is reversed and this case is remanded for a new trial. Costs of appeal are adjudged against appellee.

Done at Jackson in the two hundred and tenth year of our Independence and in the one hundred and ninetieth year of our Statehood.

TOMLIN and CRAWFORD, JJ., concur.