Jack G. GRADY, Jr., b/n/f Jack G. Grady, Sr. and Jack G. Grady, Sr., Plaintiffs-Appellants,

v.

William M. BRYANT, Jr. and William M. Bryant, Sr., Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section.

Nov. 30, 1973.

Certiorari Denied by Supreme Court March 4, 1974.

Hugh C. Gracey, Sr., and Hugh C. Gracey, Jr., Nashville, for plaintiffs-appellants.

Richard D. Taylor. Nashville, for defendants-appellees.

## OPINION

TODD, Judge.

These consolidated cases arise out of personal injuries sustained by Jack G. Grady, Jr., in a collision between a sled occupied by Jack G. Grady, Jr., and a motor vehicle operated by the defendant, William M. Bryant, Jr., and owned by the defendant, William M. Bryant, Sr. The plaintiffs have appealed and assigned as error the action of the Trial Judge in directing verdicts for the defendants at the conclusion of the plaintiffs' evidence.

In ruling upon a motion for directed verdict, the Trial Judge and this Court are required to look to all the evidence, take the strongest view of the evidence in favor of the opponent of the motion, to allow all reasonable inferences from evidence in his favor and to discard all countervailing evidence. If then there is any doubt as to the conclusions to be drawn from the whole evidence, the motion should not be granted. Stringer v. Cooper, Tenn.App., 486 S.W.2d 751 (1972); Country Maid Dairy, Inc. v. Hunter, 57 Tenn.App. 138, 416 S.W.2d 367 (1967)

There is evidence to show that:

1. On January 7, 1970, the minor plaintiff, aged 15, was sledding with other

young people on a section of Spring Valley Road which was covered with snow and/or ice which was extremely slick.

2. The particular section of road consisted of a fairly steep down-hill grade at or near the lower end of which was a fairly sharp curve.

3. Sleds normally coasted down the grade at a rather high rate of speed and continued their course around the curve and some distance beyond.

4. Said section had been used for sledding for a number of years, and a "system of signals" was used by sledders to warn of the approach of an automobile from beyond the curve which obscured vision of approaching vehicles from the top of the sledding course. Said "system" involved the sledders who had completed their run and were returning to the top of the grade afoot. The last previous sledder, being nearest to the end of the sled course, would see the approach of a vehicle and shout a warning toward the top of the grade. The next previous sledder, being further up the grade in his return to the top, would relay the warning to the top so as to stop the next sledder before he began his run.

5. On the occasion of the minor plaintiff's injury, defendant driver had attempted to drive his vehicle up the slick grade and had stalled. The sledders, including the minor plaintiff, had tried to assist defendant by pushing; but this was not successful; and defendant announced that he was "going to go back down and go another way." Thereupon, defendant backed his vehicle down the grade and out of sight of the sledders. Defendant lived nearby, and other routes to his home were available to him which did not include such a steep, slick grade.

6. Thereafter, several sledders made their run down the course without incident. Then, the minor plaintiff started his sled run down the grade. Another sledder was abreast or almost abreast of plaintiff as he descended the grade.

7. After the minor plaintiff had started his descent, a previous sledder relayed the warning of an approaching automobile (defendant's) which rounded the curve and began to ascend the grade in the center of the road.

8. The other sledder was able to steer the sled off the right side of the road to avoid the oncoming vehicle, but the minor plaintiff was not able to avoid collision. When he tried to steer to the left, his sled turned broadside and continued its course downgrade where it (and the minor plaintiff) collided with defendant's vehicle which was still moving.

Defendants-appellees first insist that there is no evidence of negligence on the part of defendant driver. Generally, a motorist has the right to travel a public roadway in a lawful manner. However, his use of the roadway must be with due regard to the life, safety and property of others. Unusual circumstances sometimes impose unusual duties.

According to the maxim of the common law, "sic utere tuo ut alienum non laedas, every person is responsible in law for the consequences of his own negligence, and the proper criterion for determining his liability is, whether he has been guilty of negligence, viewing his conduct with reference to the caution which a prudent man would, under the given circumstances, have observed." Whirley v. Whiteman, 38 Tenn. (1 Head) 610 (1858).

Negligence consists of failure to do what a reasonable and prudent person would ordinarily do under the same or similar circumstances. Groce Provision Co. v. Dortch, 49 Tenn.App. 57, 350 S.W.2d 409 (1961)

In Monday v. Millsaps, 37 Tenn.App. 371, 264 S.W.2d 6 (1953) this Court held:

"[8] Whenever one person is by circumstances placed in such a position with regard to another that it is obvious that he must use due care to avoid injury to such other person, the duty at once

arises to exercise care to avoid the danger commensurate with the circumstances. Wells v. Weed, 197 Minn. 464, *267 N.W. 379*; Dean v. Hershowitz, 119 Conn. 398, 177 A. 262, 266; Smith Electric Co. v. Hinkley, 98 Fla. 132, 123 So. 564, 566." 37 Tenn.App., pp. 390, 391, 264 S.W.2d, p. 15

Where, in the exercise of ordinary care and caution, a motorist sees or should see that special circumstances exist which will produce injury to others unless the motorist exercises special caution, then the failure to exercise that special caution which an ordinarily prudent motorist would exercise may properly be held to be negligence. In such a case, it is for the jury, as reasonable men, to determine whether the motorist acted with the care and caution of a reasonably prudent person under the special circumstances.

What a person of reasonable prudence would have done under the same or similar circumstances must be determined by the jury from their knowledge of mankind and of how persons of reasonable prudence usually deport themselves in relation to their surroundings. Power Packing Co. v. Borum, 8 Tenn.App. 162 (1928)

Whether conduct or behavior conforms to legal standard of reasonable care and whether the behavior of the parties in a given case, under all the surrounding circumstances, was such as would be expected of reasonable men under a similar state of facts are questions for the jury under a proper charge by the court as to the law to be applied. Noland v. Freeman, 53 Tenn. App. 644, 385 S.W.2d 310 (1964)

In the present case, the defendant driver was unquestionably aware of the presence of sledders on the roadway, because he had visited the scene a short time before, and the sledders had attempted to assist him. He was also aware of the extreme slickness of the surface; because he had been unable to negotiate it, even with the assistance of plaintiff and his friends. He was also aware that he would not be expected to return to the scene; because he, himself, told them he would go by a different route.

Under these special circumstances, a jury would be entitled to find that a reasonably prudent motorist would realize the danger of a vehicle rounding the curve and becoming an obstruction to a speeding sled without means of avoiding the obstruction on the slick course; and that a reasonably prudent motorist would, under such circumstances, have stopped, given some warning of his intended ascent of the grade, and waited until assured by walking sledders that no sleds were on the course before again attempting to ascend the grade with his vehicle. So finding, the jury would be justified in finding the defendant driver guilty of negligence in failing to exercise the special caution required by the special circumstances.

Defendants-appellees insist that the negligence of the minor plaintiff was the cause of his injury. Whether or not it was negligence for the plaintiff to slide down a slick hill, even on the left side of the road, under the special circumstances of this case, was for the jury. Kandrach v. Chrisman, Tenn.App., 473 S.W.2d 193 (1971). See also cases annotated in 20 A. L.R. 1435 and 109 A.L.R. 45.

Defendants-appellees also insist that the defendant driver had the right to assume that plaintiff and others would use the roadway in a lawful manner. No statute is cited which prohibits sledding on public roads. The special plea of defendants relies upon a municipal ordinance of the City of Nashville; however, same was not placed in evidence; and State Courts do not generally take judicial notice of municipal ordinances. State ex rel. Schmittou v. City of Nashville, 208 Tenn. 290, 345 S. W.2d 874 (1961); Guidi v. City of Memphis, 196 Tenn. 13, 263 S.W.2d 532 (1954); Brimer v. Municipality of Jefferson City, 187 Tenn. 467, 216 S.W.2d 1 (1949); Tilford v. Town of Woodbury, 26 Tenn. (7

Humph.) 190 (1846); McCalla v. Nelson, 44 Tenn.App. 161, 313 S.W.2d 462 (1956). Furthermore, the prior knowledge of defendant would preclude his right to assume that which was contrary to his actual observation and knowledge.

■ Defendants insist further that plaintiff had no right to rely upon defendant driver's stated intention to take another route because other vehicles might arrive and cause a collision. This is a valid argument as to the possible contributory negligence of plaintiff, which must be considered by the jury; but it has no relationship to the possible negligence of defendant.

■ Defendants rely upon the fact that the Trial Judge was able to observe and evaluate the testimony of plaintiff's witnesses. This argument relates to the weight and credibility of testimony, which are not issues upon a motion for directed verdict, either before the Trial Court or upon appeal. Osborne v. Frazor, 58 Tenn. App. 15, 425 S.W.2d 768 (1968)

Defendants further rely upon supposed facts which may or may not be in evidence upon a retrial, but which are not in evidence in this record and cannot be considered upon this appeal.

Defendants cite numerous authorities to the effect that liability is a question of law where reasonable minds could not differ as to the facts and inferences from the evidence. Such is not the case herein. Defendant relies upon the rule that the mere occurrence of an accident does not impute negligence. The facts of this case, in addition to the occurrence of the injury, are such that a jury might properly infer negligence.

Independent research discloses a paucity of Tennessee opinions involving sledding accidents, especially of the character involved herein.

In the case of Davenport v. Robbins, 51 Tenn.App. 600, 370 S.W.2d 929 (1963), this Court affirmed a verdict against a motorist where a minor sledder slid from a snow-covered side street into the path of a motorist on a main thoroughfare. This Court said:

"[1] If the jury believed the testimony of Larry Carroll it could have found that the sled was in front of the car when struck. If so, in view of the clear and unobstructed view of the intersection from the west, the jury could reasonably conclude that ·if defendant had been upon the lookout he could and should have seen the sled before it became an obstruction and, in view of his slow speed, could have checked the speed of his car to allow the sled to pass in front of it. Thus, the questions of negligence and proximate cause were for the jury.

\*　　\*　　\*　　\*　　\*　　\*

" 'Where the evidence is in conflict, or, as here, where different conclusions might reasonably be drawn therefrom, questions of negligence and contributory negligence are for the jury. McBroom v. S. E. Greyhound Lines, 29 Tenn.App. 13, 193 S.W.2d 92; Campbell v. Campbell, 29 Tenn.App. 651, 199 S.W.2d 931. Likewise, questions of ordinary care and proximate cause are for the jury. Southeastern Greyhound Lines v. Groves, 175 Tenn. 584, 136 S.W.2d 512, 127 A.L.R. 1378; Campbell v. Campbell, supra; Fields v. Gordon, 30 Tenn.App. 110, 203 S.W.2d 934.' Hale v. Rayburn, 37 Tenn.App. 413, 264 S.W.2d 230."
51 Tenn.App., pp. 606, 608, 370 S.W.2d, p. 931

In 60–A C.J.S. Motor Vehicles § 393, pp. 762, 763 is found the following:

"The operator of a motor vehicle is bound to use reasonable care to avoid injury to persons coasting or sledding on snow-covered streets or highways. His duties with respect to such persons are governed by the circumstances of the particular case. Where the operator of a motor vehicle knows that persons are

coasting along a highway or street, or is chargeable with such knowledge, he is bound to give warning of his approach and take other reasonable means to guard against accident consistent with the circumstances. He is liable for any injury resulting from a failure to exercise such care."

In 7 Am.Jur.2d, Automobiles and Highway Traffic, § 446, p. 996, is found the following:

"Where a motorist is aware of the presence of children coasting in the street. he is bound to exercise unusual care and watchfulness, the question of the negligence of the motorist in such respect being ordinarily one of fact for the jury."

The above cited annotations in 20 A.L. R., and 109 A.L.R. include a number of interesting sledding cases, none of which is precisely in point, but a number of which shed light upon the issues herein.

Since only plaintiff's evidence was heard, the record on this appeal is limited. From a consideration of the facts and circumstances shown by plaintiffs' evidence, this Court cannot say that all reasonable men would agree that the defendant driver was free of negligence and/or that the injured plaintiff was barred from recovery by contributory negligence.

In case of doubt as to whether a question of fact belongs to the jury or to the court, it is safer to leave it to the jury. Williams v. Bass, 8 Tenn.App. 482 (1928)

■ A defendant is not entitled to a directed verdict at the close of plaintiffs' evidence as a matter of right, but the motion may be granted or denied in the sound discretion of the Trial Judge in the light of the circumstances of the case, including the probability of fuller development of facts by the introduction of further evidence. Sadler v. Draper, 46 Tenn.App. 1, 326 S. W.2d 148 (1959).

For the reason stated, the assignments of error are sustained. The directed verdicts and judgments of dismissal are reversed. These causes are remanded for trial anew. The costs of this appeal are taxed against the defendants-appellees.

Reversed and remanded.

SHRIVER, P. J., and PURYEAR, J., concur.