Ray ADAMS, Jr. and Fred A. Greer,
Plaintiffs-Appellees,

v.

DEAN ROOFING COMPANY, INC.,
Defendant-Appellant.

DEAN ROOFING COMPANY, INC.,
Third-Party Plaintiff-Appellant,

v.

Jim CATHEY, Third-Party
Defendant-Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

March 7, 1986.

Rehearing Denied April 16, 1986.

Application for Permission to Appeal
Denied by Supreme Court
July 22, 1986.

Billy C. Jack, Columbia, for plaintiffs-appellees.

Jerry C. Colley, Columbia, for defendant-third-party plaintiff-appellant.

Richard T. Matthews, Hardin, Matthews & Ewing, Columbia, for third-party defendant-appellee.

## OPINION

LEWIS, Judge.

This is an appeal by defendant and third-party plaintiff, Dean Roofing Company, Inc. (Dean), from the trial court's judgment awarding plaintiffs $120,000 damages and dismissal of its suit for indemnity or contribution from third-party defendant, Jim Cathey.

The pertinent facts are as follows:

In 1971, Cathey designed and built for his own use a commercial building in Columbia, Maury County, Tennessee.

In January, 1977, Cathey sold the building to plaintiffs. In December, 1977, a severe hail storm damaged the roof of the building to such an extent that a new roof was required. Dean contracted with plaintiffs to replace the roof and to do other necessary repairs. The new roof was completed in October, 1978.

In replacing the roof, Dean reduced the size of the drains from four inches to two and a half inches. This reduction decreased the flow rate 71.5 per cent.

In January, 1979, after substantial rain, sleet and snow had fallen, the roof of plaintiffs' building collapsed, causing the entire building to be destroyed.

Plaintiffs sued Dean and Dean filed a third-party complaint against Cathey, alleging that Cathey's negligence in constructing the building was the proximate cause of the building's collapse.

Following a bench trial, the court entered a judgment awarding plaintiffs the sum of $120,000 against Dean and took under advisement Dean's entitlement to contribution or indemnity from Cathey. Subsequently, an order was entered dismissing Dean's third-party complaint.

At oral argument, Dean conceded that there was evidence in the record from which the court could find that it was negligent in reducing the size of the drains. However, Dean earnestly insists that Cathey's negligence in constructing the building was a proximate cause, and that Dean is therefore entitled to contribution from Cathey.

Dean has presented two issues. One, "[w]hether the designer and builder of an improvement to real property is relieved of all liability upon completion and acceptance of his work," and, two, "[w]hether ... Dean ... is entitled to indemnity or contribution from ... Cathey, when Cathey's negligence is the primary or active cause of injury."

For the purposes of this opinion only, we will assume that Cathey was not relieved of "liability upon completion and acceptance of his work."

We re-state the second issue as follows: Whether there is any credible evidence that Cathey was negligent in designing and constructing the building.

Ron Elrod, an engineer, testified on behalf of plaintiffs that (1) if the drains had not been reduced in size the water would have flowed from the roof and the building would not have collapsed, and (2) Cathey, in constructing the building, did not construct it to the standards of the Southern Standard Building Code (Code), and that if the

building had been constructed according to the Code, the building would not have collapsed even though the drains had been reduced in size.

We have reviewed this record in detail and Mr. Elrod's testimony is the only evidence we find of alleged negligence on Cathey's part.

If Cathey was negligent in the design and construction of the building, that negligence occurred in 1971. The problem we have is that there is no proof in the record concerning what the Code required in 1971, if there was in fact a Code in effect in 1971, and if there was, whether the City of Columbia had adopted the Code in 1971.

■ This Court cannot take judicial notice of municipal ordinances. *Grady v. Bryant*, 506 S.W.2d 159 (Tenn.App.1973). Courts cannot and do not take judicial notice of city ordinances in cases involving city ordinances such as the adoption of the Southern Standard Building Code by the City of Columbia. It is necessary for the parties to stipulate as to the existence and accuracy of the ordinance or to prove the ordinance through municipal officials, or by supplying certified copies in accordance with Tennessee Rule of Civil Procedure 44.01. *Metropolitan Government of Nashville and Davidson County v. Shacklett*, 554 S.W.2d 601 (Tenn.1977).

Mr. Elrod at no time testified that Cathey's design and construction violated any standard other than the Code. There was no testimony by Mr. Elrod that he was familiar with the construction standard in Columbia or Middle Tennessee when the building was constructed in 1971. There is no factual basis in this record on which Mr. Elrod's conclusion that Cathey improperly designed and constructed the building can rest.

While there is a letter in the file from the trial judge to the clerk stating that he has "decided that Cathey should be dismissed as a third-party defendant" and that he based "this decision primarily on the case of *Hays v. Gilliam*, 655 S.W.2d 158," we are not bound by this finding.

■ This is a conclusion of law reached by the trial court based upon the facts. We are not bound by conclusions of law.

■ We review this case *de novo* upon the record and, while the findings of fact are accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise, Tenn.R.App.P. 13(d), in this case the trial judge made no findings of fact.

■ We therefore have reviewed the entire record and, upon our review of the entire record, we are of the opinion that there is no credible evidence in this record from which it could be found that Cathey negligently designed and constructed the building in 1971.

The judgment of the trial court is affirmed with costs assessed to Dean Roofing Company, Inc. and the cause remanded to the trial court for the collection of costs and any further necessary proceedings.

CANTRELL and KOCH, JJ., concur.

## ORDER ON PETITION TO REHEAR

LEWIS, Judge.

Dean Roofing Company, Inc. has filed a petition to rehear. The petition was sent registered mail on March 18, 1986, and filed in the Clerk's office on March 19, 1986. Judgment was entered on March 7, 1986.

Tennessee Rule of Appellate Procedure 39(b) provides that "[a] petition for rehearing must be filed with the clerk of the appellate court within 10 days after entry of judgment unless on motion the time is shortened or enlarged by the court or a judge thereof."

The time for filing the petition to rehear in this case expired on March 17, 1986.

It therefore results that the petition to rehear must be dismissed as not being timely filed.

It is therefore ORDERED that the petition be and the same is hereby dismissed at the cost of Dean Roofing Company, Inc.

CANTRELL and KOCH, JJ., concur.