IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

SOMEDAY BABY, INC.,                    )
                                       )        **Davidson Chancery**
    Plaintiff/Appellee,            )        **No. 95-1389-II**
                                       )
VS.                                    )
                                       )        **Appeal No.**
ENTERTAINMENT INTERNATIONAL, )        **01A01-9705-CH-00228**
                                       )
    Defendant/Appellant.          )

APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

HONORABLE CAROL McCOY, CHANCELLOR

FILED

January 28, 1998

Cecil W. Crowson
Appellate Court Clerk

Stanley M. Chernau, #2390
Linda Burnsed, #13734
CHERNAU, CHAFFIN & BURNSED
424 Church Street, Suite 1750
Nashville, TN 37219
ATTORNEYS FOR PLAINTIFF/APPELLEE


William J. Shreffler, #17224
W. Gary Blackburn
BLACKBURN, SLOBEY, FREEMAN & HAPPELL
2050 NationsBank Plaza
414 Union Street
Nashville, TN 37219
ATTORNEYS FOR DEFENDANT/APPELLEE


**MODIFIED, AFFIRMED AND REMANDED.**


                HENRY F. TODD
                PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
BEN H. CANTRELL, JUDGE


CONCUR IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

| | | |
|---|---|---|
| SOMEDAY BABY, INC., | ) | |
| | ) | **Davidson Chancery** |
| **Plaintiff/Appellee,** | ) | **No. 95-1389-II** |
| | ) | |
| VS. | ) | |
| | ) | **Appeal No.** |
| ENTERTAINMENT INTERNATIONAL, | ) | **01A01-9705-CH-00228** |
| | ) | |
| **Defendant/Appellant.** | ) | |

# O P I N I O N

The captioned defendant, Entertainment International, Inc. has appealed from an unsatisfactory judgment of the Trial Court. A detailed recitation of the background of the controversy and proceedings therein is necessary for an understanding of the issues on appeal.

The present appeal involves a contract between the parties regarding the marketing of children's toys which were manufactured by plaintiff, Someday Baby, Inc., or as to which Someday Baby held marketing rights.

Prior to the execution of the contract between the parties, plaintiff sold to dealers, 70% of which were sales were to small retail stores, and 30% were sales to large chain stores at a lesser price because the chains purchased larger quantities.

Defendant, Entertainment International, Inc., was engaged in the "sales and marketing business" distributing catalogs offering for sale the products of many producers. It conducted a form of "mail order business."

On August 16, 1994, the parties executed an agreement consisting of a letter from defendant to plaintiff offering sales services which offer was accepted by plaintiff on the face of the letter. The letter is appended to this opinion as exhibit A, and pertinent portions thereof will be quoted herein.

On May 3, 1995, plaintiff filed this suit against defendant seeking a declaratory judgment interpreting the contract, declaring a breach of the contract, and allowing recession thereof, injunctive relief and damages.

On May 4, 1995, defendant filed a separate suit against plaintiff for enforcement of the same contract and for damages.

On May 4, 1995, the Trial Court consolidated the two suits under the caption of the original suit.

On August 23, 1995, plaintiff amended to sue W. Bradley Daniel and Michael Dugay, officers of defendant, for fraud.

On February 16, 1996, defendant amended its countersuit to include Aaron Brown, president of plaintiff.

On August 21, 1995, the incumbent Trial Judge entered the following order:

> This cause came to be heard on the 11th day of August, 1995, on Defendant's Motion for Partial Summary Judgment, argument of counsel and the entire record in this cause from all of which the Court finds:
>
> Defendant's Motion should be and is hereby denied except for Plaintiff's request for attorney's fees based upon Plaintiff's pending original Complaint which the Court finds should be denied.
>
> Therefore, it is ORDERED, ADJUDGED and DECREED that Defendant's Motion for Partial Summary Judgment in regard to its assertion that attorney's fees should not be allowed in the pending Complaint is hereby GRANTED. It is further ORDERED, ADJUDGED and DECREED that Defendant's Motion for Partial Summary Judgment requesting dismissal of Plaintiff's breach of contract claim and its request for a declaratory judgment is hereby DENIED, the Court finding that there exist genuine issues of material fact precluding summary judgment and that Plaintiff's declaratory judgment action is proper, both causes of action requiring a hearing at trial.

On September 30, October 1, 2, 3 and 7, 1996, a jury heard plaintiff's evidence and were directed by the Trial Court to find for the defendants on all counts, except fraud. At the conclusion of defendant's evidence in respect to plaintiff's suit, the jury were directed to find for the defendants on the count of fraud.

On October 8-9, 1996, the jury heard defendant's evidence in support of its countersuit.

On October 10, 1996, the Trial Court entered a judgment stating in part:

> The Jury was then assembled in the courtroom and in the presence of the Court, the parties, and their counsel, the Court was handed the interrogatories and the Jury's findings which the Court then read in the presence of the Jury, the parties, and their counsel.
>
> The interrogatories and the Jury answers were as follows:
>
> 1. Did Someday Baby, Inc. and Entertainment International, Inc. agree by the insertion of the word "appropriate" in the contract of August 16, 1994 to limit the placement of the mini-catalogs to products sold to non-retail accounts?
>
> The Jury answered "yes".
>
> 2. Did Entertainment International, Inc. breach its contract with Someday Baby, Inc.?
>
> The Jury answered "yes".
>
> 3. If your answer to question No. 2 is "yes" did Someday Baby, Inc., suffer any damages as a result of Entertainment International, Inc.'s breach?
>
> The Jury answered "no".
>
> The Court then confirmed with the Jury that they were unanimously in agreement with the verdict. The Court then announced that the verdict was the judgment of the Court. It is accordingly,
>
> ORDERED AND ADJUDGED as follows:
>
> 1. Entertainment International, Inc. agreed by the insertion of the word "appropriate" in the contract of August 16, 1994 with Someday Baby, Inc. to limit the placement of the mini-catalogs to products sold to non-retail accounts.

> 2. Entertainment International, Inc. breached its contract with Someday Baby, Inc.

> 3. Someday Baby, Inc. did not suffer any damages as a result of Entertainment International, Inc.'s breach.

The above, October 18, 1996, judgment, with its sequel overruling a motion to alter or amend, became the final judgment from which this appeal is prosecuted. All prior, interlocutory orders were superseded by this final judgment. TRAP Rule 3(a). TRCP Rule 56.05 is not deemed applicable to questions of law, but only to questions of fact.

On appeal defendant presents the following issues:

> 1. Whether the Trial Court erred by not interpreting the contract between the parties as a matter of law.

> 2. Whether the Trial Court erred by permitting parol evidence to contradict the plain meaning of the contract.

> 3. Whether the Trial Court erred by failing to dismiss the breach of contract claim of Someday Baby, Inc.

The applicable provision of the contract was paragraph 5, which read as follows:

> 5. EII shall develop a mini-catalog with SDB's cooperation to market existing and new SDB products. The mini-catalog will be packaged with all <u>appropriate SDB products that it controls</u> and EII products sold in order to introduce other SDB/EII products to existing and/or new customers developed by either party through this agreement. (Emphasis supplied)

Plaintiff insists that the emphasized word, "appropriate," means "non retail accounts," thereby prohibiting defendant from sending catalogs to plaintiff's small customers and thereby disclosing to them that plaintiff's prices to small customers were higher than those charged to large customers. Plaintiff was permitted to present oral and written evidence supporting its insistence.

Defendant emphatically denies the correctness of plaintiff's insistence, and insists that the word "appropriate" does not limit or restrict the distribution of catalogs to "existing or new customers developed by either party through this agreement."

Paragraph 3 of the contract requires plaintiff to develop and provide defendant with "products at favorable prices."

Paragraph 8 requires plaintiff to "provide access to all retail marketing information, consumer lists and mailing lists that defendant will accumulate."

Paragraph 10 provides:

> 10. Excluding SDB's current national accounts, SDB agrees to allow EMI, with prior permission of SDB, to represent SDB's proprietary product line to other national and worldwide accounts at a negotiated commission.

Where the interpretation of a written contract is necessary for the decision of a court, the general rule is that such interpretation is a matter of law, and not of fact. *Park Place Enterprises, Inc. v. Park Place Mall Associates, L.P.*, Tenn. App. 1992, 836 S.W.2d 113; *APAC-Tennessee, Inc. v. J. M. Humphries Construction Co.,* Tenn. App. 1986, 732 S.W.2d 601; *Taylor v. Universal Tire Inc.,* Tenn. App. 1984, 672 S.W.2d 775; *Ford v. Fisk University*, Tenn. App. 1988, 661 S.W. 883.

In the absence of fraud or mistake, a contract must be enforced as written. *Ballard v. North American Life & Casualty Co.*, Tenn. App. 1983, 667 S.W.2d 79; *E. O. Bailey & Co. v. Union Planters Title Guaranty Co.*, 33 Tenn. App. 439, 232 S.W.2d 309 (1949).

None of the exceptions to the foregoing rule are supported by the evidence in this case.

This Court finds that the above quoted paragraph 5 of the contract is clear and unambiguous and that the adjective, "appropriate" therein refers to and modifies the noun, "products" rather than the word, "customers," as insisted by defendant.

The Trial Court therefore erred in hearing parol evidence as to the meaning of the contract which was clear and unambiguous, and the interpretation placed upon the contract by the jury and the Trial Court was incorrect. However, the finding of the jury that Someday Baby, Inc. suffered no damage from the breach of contract by Entertainment International, Inc., is conclusive of the suit of Someday Baby, Inc. against Entertainment International, Inc. which should be and is dismissed.

The judgment of the Trial Court does not appear to dispose of the counterclaim of Entertainment International for injunction and damages for breach of contract by Someday Baby, Inc. This appeal was therefore premature and subject to dismissal. TRCP Rule 5402, TRAP Rule 3(a). However, this Court has elected to resolve the issues presented and to remand for resolution of the issues relating to the counterclaim.

The judgment of the Trial Court that Someday Baby, Inc., suffered no damages is affirmed. Said judgment is modified to dismiss the suit of Someday Baby, Inc. and to tax Someday Baby, Inc. with the costs of its suit. The cause is remanded to the Trial Court for further proceedings in conformity with this opinion.

## MODIFIED, AFFIRMED AND REMANDED

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
BEN H. CANTRELL, JUDGE


CONCUR IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE