IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

August 4, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| HEATHER ALICIA ROACH THOMSON, | ) | UNION CHANCERY |
| | ) | C. A. NO. 03A01-9705-CH-00165 |
| Appellant | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. BILLY JOE WHITE |
| | ) | CHANCELLOR |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| PATRICK JAMES THOMSON, | ) | AFFIRMED AND REMANDED |
| | ) | |
| Appellee | ) | |


A. THOMAS MONCERET, Knoxville, for Appellant


F. D. GIBSON, Maryville, for Appellee


O P I N I O N


McMurray, J.


This is an appeal from a post-divorce proceeding wherein the appellant sought a change in custody of the parties minor child on the grounds that there had been a material change of circumstances justifying such a change. The trial court dismissed the complaint and this appeal resulted. We affirm the judgment of the trial court.

The appellant states her issue as follows:

> The trial court erred by not finding as a matter of law a material change of circumstances justifying a change of custody when a custodial father endangers the health safety and welfare of the child by neglecting the child, engaging in violent behavior in front of the child and cohabitating [sic] with an unrelated female.

We first wish to make the observation that the issue as framed is stated argumentatively and the alleged error of law asserted is necessarily based upon facts that must be determined by the court before the law can be applied. Therefore, we choose to treat the issue as a challenge to the sufficiency of the evidence.

Our standard of review is as follows: "Unless otherwise required by statute, review of findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Rule 13(d), Tennessee Rules of Appellate Procedure. In a de novo review, the parties are entitled to a reexamination of the whole matter of law and fact and this court should render the judgment warranted by the law and evidence. Thornburg v. Chase, 606 S.W.2d 672 (Tenn. App. 1980); American Buildings Co. v. White, 640 S.W.2d 569 (Tenn. App. 1982); Tennessee Rules of Appellate Procedure, Rule 36. We note, however, that no such presumption attaches to conclusions of law. See Adams v. Dean Roofing Co., 715 S.W.2d 341, 343 (Tenn. App. 1986).

The judgment of the trial court reflects that the court found that only one change of circumstance had occurred since the previous hearing wherein custody was established. That change was that the appellant had since married. Upon due consideration of the entire record in this cause, we do not find that the evidence preponderates against the finding of the trial court. We further are of the opinion that the evidence does establish by a preponderance of the evidence, the facts asserted in the appellant's issue. A finding of these facts would be necessary before the appellant can successfully challenge the judgment of the court. In essence, the appellant failed to carry her burden of proof. Thus, we find no error on the part of the trial court.

We affirm the judgment of the trial court in all respects. Costs are taxed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Herschel P. Franks, Judge

3

IN THE COURT OF APPEALS
AT KNOXVILLE



HEATHER ALICIA ROACH THOMSON,    )    UNION CHANCERY
                                 )    C. A. NO. 03A01-9705-CH-00165
           Appellant           )
                                   )
                                   )
                                   )
                                   )
vs.                              )    HON. BILLY JOE WHITE
                                   )    CHANCELLOR
                                   )
                                   )
                                   )
                                   )
PATRICK JAMES THOMSON,           )    AFFIRMED AND REMANDED
                                   )
           Appellee            )


**<u>JUDGMENT</u>**


     This appeal came on to be heard upon the record from the Chancery Court of Union County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

     We affirm the judgment of the trial court in all respects. Costs are taxed to the appellant and this case is remanded to the trial court.


PER CURIAM