IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 22, 2013 Session

# REGINALD M. MUDD AND MARY ANNE MUDD, D/B/A MUDD PROPERTIES v. REXFORD L. GOOSTREE, JR. AND LIBERTY CABINETS AND MILLWORK, INC.

### Appeal from the Circuit Court for Sumner County
### No. 2009CV1501     C. L. Rogers, Judge

### No. M2012-00957-COA-R3-CV- Filed April 5, 2013

In suit to recover rent due and owing under a lease agreement in which a corporation was named as tenant, trial court entered judgment in favor of landlord against individual who had signed the lease in the space in the signature box designated "Tenant." Individual appeals, contending that his signature on the lease is not sufficient to bind him personally to the obligations under the lease. Landlord appeals award of damages. We affirm the holding that the individual's signature on the lease renders him personally liable and remand the case for a determination of whether the landlord is entitled to an award of prejudgment interest and for an award of attorneys' fees incurred on appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Case Remanded.

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and ANDY D. BENNETT, J., joined.

John Ray Phillips, Jr., Gallatin, Tennessee, for the Appellant, Rexford L. Goostree, Jr.

Russell E. Edwards, Hendersonville, Tennessee, for the Appellees, Reginald M. Mudd and Mary Anne Mudd.

## OPINION

Reginald and Mary Anne Mudd, doing business as Mudd Properties ("Appellees"), are the owners of a building in Gallatin, Tennessee; on November 27, 2007, they entered into a commercial lease agreement leasing the building for a period of twenty-four months beginning January 1, 2008. Mudd Properties was named as "Landlord" and Liberty Cabinets & Millworks, Inc. ("Liberty") was named as "Tenant" in the lease. In the signature box at

the end of the lease, Rexford Goostree ("Appellant"), the owner of Liberty Cabinets & Millworks, Inc., signed as follows:

TENANT:

*REX GOOSTREE, JR.*

By *Rex Goostree, Jr.*

(Italics where handwritten).

On December 21, 2009, Appellees filed a Complaint for Damages against Liberty and Appellant, seeking to recover $30,900.00 in back rent and reasonable attorney fees. On January 28, 2010, Appellees filed a Motion for Default Judgment against both defendants. On February 16 the court entered an order granting a default judgment against Liberty in the amount of $30,900.00 plus $10,000.00 in attorney fees; the motion with respect to Appellant was stricken. Trial was held on March 26, 2012.

On April 3 the court entered an Order finding that Appellant had signed the commercial lease as a tenant in his individual capacity and was therefore individually liable for all monies due. The court entered judgment against Appellant for the unpaid rent, stipulated to be $30,900.00, plus $3,060.00, which the court characterized as "interest owing on said unpaid rent pursuant to the terms of the lease,"[1] and attorneys fees in the amount of $5,450.00.

On appeal, Appellant contends that the trial court erred in holding him personally liable on the commercial lease agreement because Liberty was named as the tenant in the body of the lease agreement and the agreement contained no language indicating that Appellant was guarantor. Appellees contend that the trial court erred in its calculation of late fees under the terms of the lease and its calculation of interest.

## DISCUSSION

Appellant contends that his signature on the line marked "Tenant" is insufficient to establish his personal liability as a lessee; therefore, he is not personally liable on the lease agreement.

The interpretation of a written agreement is a matter of law, which we review *de novo* with no presumption of correctness of the trial court's conclusion of law. *Dairy Gold, Inc.*

---

[1] The order stated that "[s]ince article III of the lease provides interest as a late charge at the rate of 10% to be assessed for each month's rental amount, interest shall be in the amount of $3,060.00."

*v. Thomas*, No. 03A01-9901-CH-00019, 1999 WL 1068701, at *3 (Tenn. Ct. App. Nov. 29, 1999) (citing *Park Place Ctr. v. Park Place Mall*, 836 S.W.2d 113, 116 (Tenn. Ct. App. 1992)). Accordingly, we will review the lease agreement *de novo* and reach our own independent conclusions regarding its meaning and legal import. *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999); *Hillsboro Plaza Enters. v. Moon*, 860 S.W.2d 45, 47 (Tenn. Ct. App. 1993).

Relying on the authority of *In re: Estate of Gordon S. Dickerson, Jr.*, 600 S.W.2d 714 (Tenn. 1980), Appellant contends that a reversal of the trial court's decision is required. In *Dickerson*, a family-owned corporation was a party to a commercial lease agreement; the agreement had been signed on behalf of the corporation by Buford Dickerson. Gordon Dickerson, Buford's brother, was not a party to or mentioned in the lease, but signed the lease, apparently as a witness to his brother's signature; Buford subsequently abandoned the operation of the restaurant and the operation was assumed by Gordon's estate. In due course the lessor brought an action against Gordon's estate to recover charges owed for repairs to the premises; the lessor claimed that Gordon was personally liable under the lease and as a guarantor. In holding that Gordon did not incur personal liability as a principal party on the lease, the court stated:

> It is a general rule of interpretation of contracts that when the body of a contract purports to set out the names of the parties thereto and a person not named in the body of the contract signs the contract and nothing in the contract indicates that such person signed as a party, then such person is not bound as a party to the contract and is not liable thereunder.

*Dickerson*, 600 S.W.2d at 716.

We do not find *Dickerson* to be controlling. Significant in *Dickerson* was the court's recognition that Gordon Dickerson was not named as a party in the lease. In the case before us, however, in the space provided for Tenant's name and signature, Appellant printed his name and, on the line preceded by the word "By", signed his name. This is a clear and unambiguous designation of Appellant as the Tenant on the lease agreement. Only if a contract is ambiguous does a court look beyond the four corners of the document and consider evidence of the parties' intentions. *Cummings, Inc. v. Dorgan*, 320 S.W.3d 316, 333 (Tenn. Ct. App. 2009). We hold that Appellant is obligated under the terms of the lease; accordingly, we affirm the trial court's ruling.[2]

---

[2] The parties also address an issue relative to the trial court's decision to admit parol evidence as to the parties' intentions at the time of the execution of the lease. Our holding pretermits our consideration of this issue.

We turn now to Appellees' contention that the trial court erred by not awarding prejudgment interest pursuant to Tenn. Code Ann. § 47-14-123.[3] While the court held that Appellees were entitled to the late charge set forth in the lease–which was computed at 10% of the lease amount–through the term of the lease, the court did not award prejudgment interest to Appellees. While a party who recovers a money judgment is not entitled to an award of interest under the statute in all instances, the statute does contemplate that it is within the court's discretion to make such an award. In the present case, the court did not give an explanation for the decision not to award interest on the judgment from and after the expiration of the lease term. Accordingly, we remand this matter to the trial court to further consider whether such an award is appropriate.

Appellees lastly contend that they are entitled to attorneys' fees on appeal, pursuant to Article III of the lease agreement. We agree that pursuant to the terms of the lease agreement Appellees are entitled to attorneys' fees for this appeal, and we remand the case for a determination of that award.

For the foregoing reasons, we affirm the trial court's decision holding Appellant liable on the lease agreement; we remand the case for a determination of whether prejudgment interest should be awarded to Appellees, and for a calculation and award of attorneys' fees incurred on appeal.

_____
RICHARD H. DINKINS, JUDGE

---

[3] Tenn. Code Ann. § 47-14-123 provides the following:

Prejudgment interest, i.e., interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum; provided, that with respect to contracts subject to § 47-14-103, the maximum effective rates of prejudgment interest so awarded shall be the same as set by that section for the particular category of transaction involved. In addition, contracts may expressly provide for the imposition of the same or a different rate of interest to be paid after breach or default within the limits set by § 47-14-103.